IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED
April 25, 2005

CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| IRMA JEAN JAMES, and TERRI LARY, § § § § | |
| Plaintiffs, § | |
| vs. § | Civil Action No. 3:98-CV-0436-R |
| THE CITY OF DALLAS, et al, § § § | |
| Defendants. § | |

## MEMORANDUM OPINION

Now before this Court is Plaintiffs' Motion for Attorney Fees (filed February 2, 2005). Defendant City of Dallas filed a Response and Objections (filed February 17, 2005) to Plaintiffs' motion, voicing its objections to the amount requested by Plaintiffs. For the reasons discussed herein, Plaintiffs' Motion and request for attorneys' fees in the amount of $615,038 and costs in the amount of $8,659 is **GRANTED**.

## BACKGROUND

The Plaintiffs in this case are a class of owners of single-family residences in Dallas. They brought this suit against the City of Dallas alleging constitutional violations arising from inadequate notice prior to the demolition of their residences. This Court originally certified two classes, a 'race discrimination class' and a 'process class.' See *James v. City of Dallas*, 2000 WL 370670 (N.D. Tex. Apr 11, 2000). The Fifth Circuit, on interlocutory appeal, narrowed the scope of available injunctive relief and eliminated the race discrimination class. See *James v.*

*City of Dallas*, 254 F.3d 551 (5th Cir. 2001); *James v. City of Dallas*, 2002 WL 31689715 (N.D. Tex. November 22, 2002).

On remand, this Court bifurcated due process class issues for a bench trial, leaving the claims seeking individual money damages for a jury trial. This Court tried the due process claims without a jury on December 9, 2002. In August, 2003, this Court entered its Findings of Fact and Conclusions of Law (filed August 28, 2003), ordering a permanent injunction against the City on the due process claims. *James v. City of Dallas*, 2003 WL 22342799 (N.D. Tex. August 28, 3003), *aff'd James v. City of Dallas*, 2004 WL 2898100 (5th Cir. December 15, 2004).[1]

Plaintiffs now move this Court for an order awarding Plaintiffs' counsel, Daniel & Beshara, P.C., $615,038 in attorneys' fees and $8,659 in litigation expenses from the City for the time spent litigating the City's liability to the class for due process and Fourth Amendment violations and the relief granted in this Court's Findings of Fact and Conclusions of Law. The fees sought by Plaintiffs is for work completed by two attorneys, Michael Daniel and Laura Beshara, and a paralegal, Dusty Rhodes. Because the case has taken seven years to reach this stage at which payment of fees is appropriate, Plaintiffs' counsel seeks compensation for the delay in payment. In its motion, Plaintiffs chose to use the current rates enhancement method to account for the delay in payment.[2] The amount Plaintiffs seek in litigation expenses is for the cost of copying case files that were used in the production of the database and as exhibits at trial

---

[1] The Fifth Circuit's decision cleared the way for the remaining portion of this case to proceed to trial. In a hearing on March 7, 2005, however, the parties officially announced to this Court that they reached settlement on the remaining individual claims.

[2] Plaintiffs seek compensation for their work at the current rates of $350, $275, and $95, respectively.

*Memorandum Opinion Granting Attorneys' Fees–Page 2*

and in opposing the City's Motion for Summary Judgment.

In its Response and Objections to Plaintiff's Motion for Attorneys' Fees, Defendant mistakenly, but repeatedly, charges that Plaintiffs' Motion was for "gross billings of $1,021,429.50," which is nearly twice the amount Plaintiffs actually seek.  Much of Defendant's objections are very general, Defendant stating "the line-by-line review and analysis of these billings is burdensome and time consuming and will requires [sic] a significant degree of legal auditing expertise."  See City of Dallas' Response and Objections (filed February 17, 2005).

## **DISCUSSION**

### A. Standard of Review

Rule 54(h) grants the court the authority to award reasonable attorney fees and nontaxable costs in an action certified as a class action.  Additionally,  "fees for exemplification and copies of papers necessarily obtained for use in the case" are recoverable.  28 U.S.C. § 1920. In requesting an award for attorneys' fees, the movant must provide adequate documentation of attorneys' fees in accordance with the criteria set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

In general, a court employs the "lodestar" method to calculate the amount of fees to be awarded.  The "lodestar" method requires the court to multiply the "number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).  "The first task in calculating attorney's fees is determining the reasonable number of hours expended on the case.  A fee applicant is required to document the time spent and services performed." *Millennium Restaurants Group, Inc. v. City*

*of Dallas, Texas*, 2002 WL 1042117, at *2 (N.D. Tex. May 21, 2002). Next, the court must determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley v. Eckerhart*, 461 U.S. 424, 433; *Migis v. Pearle Vision, Inc.*, 135 F.3d 319, 324 (5th Cir.), *cert. denied*, 516 U.S. 862 (1995). The party seeking an award of attorney's fees has the burden of proving the reasonableness of the hours expended and the rate charged. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990).

In raising objections, the party challenging the amount of fees should explain why the fees are unreasonable or should be excluded. *Paris v. Dallas Airmotive, Inc.*, 2004 WL 2100227, *8 (N.D. Tex. 2004), citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 823 (5th Cir. 1997). Without detailed information explaining why or how the total number of hours or the rates are unreasonable, an objection to a fee request does not constrain the court's discretion. *No Barriers, Inc. v. Brinker Chili's Texas, Inc.* 262 F.3d 496, 501 (5th Cir. 2001); *Wegner*, 129 F.3d at 823.

**B. Analysis**

From the outset, this Court is satisfied that Plaintiffs have met their burden. This Court has reviewed the motion and appendix and finds that the time spent, services performed, expenses incurred, and hourly rates charged by counsel are justified under the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[3]

---

[3]Defendant makes a broad and general objection regarding the Johnson factors and argues that "The Fee Application is fatally deficient for failing to discuss all the relevant factors as required by *Johnson*." See Response at 5 (filed February 17, 2005). Plaintiffs are not required, however, to discuss all of the factors. In fact, the Supreme Court has limited greatly the use of

The billing records provided by the Plaintiff are sufficiently detailed, and the Court is therefore able to determine the necessity and reasonableness of the services performed. *See Rappaport v. State Farm Lloyds*, 2000 WL 769224, at *4 (N.D. Tex. June 13, 2000). In the appendix to their motion, Plaintiffs included detailed time keeping spreadsheets which identify the attorney, case, date, time, and description of activity. Furthermore, Plaintiffs' motion thoroughly details the reasonableness of compensation sought, including an explanation of the hours of work on the case which Plaintiffs' counsel either eliminated or reduced in making their request. The appendix also notes these hours of work for which Plaintiffs do not seek compensation. Similarly, Plaintiffs have justified the necessity and reasonableness of the fees they seek for litigation expenses.

While much of Defendant's objections are very general and fail to identify or explain the unreasonableness of the award sought by Plaintiffs, this Court will nonetheless address Defendant's objections. Those objections can efficiently be grouped into four categories: (1) prevailing party status, (2) duplicative fees, (3) enhancement method, and (4) paralegal fees. Each objection is discussed in turn.

**1. Prevailing Party Status**

Plaintiffs are prevailing parties eligible to seek attorneys' fees. A "prevailing party" is one who has been awarded some relief by a court. *Buckhannon Board & Care Home, Inc. v.*

---

the second, third, eighth, and ninth factors. *See Walker*, 99 F.3d at 771-772. Additionally, the Supreme Court has barred consideration of the sixth factor. *Id*. at 772. Moreover, the Court typically considers the *Johnson* factors only in deciding whether to adjust the calculated lodestar amount. Plaintiff, nonetheless responded in its reply to Defendant's argument. Taking the *Johnson* factors into consideration, this Court finds the Plaintiffs' request to be reasonable.

*West Virginia Dep't of Health and Human Services*, 532 U.S. 598, 603 (2001). This Court has awarded Plaintiffs relief. In 2003, this Court found the City liable to the class and ordered injunctive relief in this Court's Findings of Fact and Conclusions of Law (filed August 28, 2003). *James v. City of Dallas*, 2003 WL 22342799 (N.D. Tex. August 28, 2003). Plaintiffs' motion clearly and accurately describes the substantial and significant success that was achieved for the class in this case. Accordingly, this Court finds Plaintiffs have sufficiently established their status as a prevailing party.[4]

**2. Duplicative Fees**

Defendant makes multiple general arguments that Plaintiffs fail to establish the hours it seeks payment for are not duplicative of work conducted in other cases before this Court.[5] Without clear argument as to why specific hours sought by Plaintiff are claimed to be duplicative, Defendant's general objections are unpersuasive. Plaintiff repeatedly attests that the compensation sought in this case is not for work done in the other cases, and this Court accepts Plaintiff's position.[6] Accordingly, this Court finds that none of the fees applied for by the

---

[4] The Court further points out, that in reviewing the Plaintiffs' time keeping spreadsheets, it is apparent that Plaintiffs limited the time they seek to be compensated for to that related to achieving the injunctive relief. Taking a look at the time sheets submitted for their counsel, it is clear that Plaintiffs motion seeks limited compensation for work following this Court's issuance of the Findings of Fact and Conclusions of Law on August 28, 2003. More specifically, the only hours Plaintiffs seek compensation for, thereafter, are those time entries related to the City's appeal of the aforementioned Findings.

[5] The cases Defendant alleges the work is duplicative of include *Smith v. City of Dallas*, N.D. Tex. Civil Action No. 3:95-CV-0036 (R) (Buchmeyer, J., filed in 1995) and *Bell v. City of Dallas*, N.D. Tex. Civil Action No. 3:95-CV-0383 (R) (Buchmeyer, J., filed in 1995).

[6] Furthermore, as acknowledged in the City's brief, the *Smith* and *Bell* cases had been tried before this case was filed. A check of Plaintiffs' time records verifies that the work for which compensation is sought occurred following the filing of this case. Also, it is noteworthy that the parties have reached settlement in remaining matters in *Smith* and *Bell*. The parties

Plaintiff need be reduced as duplicative.

**3. Enhancement Method**

As this case has taken seven years to reach this point, Plaintiffs seek compensation for the delay in payment. An adjustment for delay in payment is an appropriate factor in the determination of what constitutes a reasonable attorneys' fee. *Missouri v. Jenkins*, 491 U.S. 274, 283 (1989) (reasoning that compensation received several years after services were rendered is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed). "In compensating for a delay, the district court may either grant an unenhanced lodestar based on current rates, or calculate the lodestar using the rates applicable when the work was done and grant a delay enhancement." *Walker*, 99 F.3d at 773 (5th Cir. 1996); see also *Alberti v. Sheriff of Harris County*, 688 F.Supp. 1176, 1194 (S.D. Tex. 1987), *aff'd* 896 F.2d 927 (5th Cir. 1990). The only limitation is that the method chosen must avoid a windfall payment to the attorneys. *Leroy v. City of Houston*, 831 F.2d 576, 584-585 (5th Cir. 1987).

Plaintiffs demonstrate that the method used in calculating the amount sought, the use of current rates, results in a lower total fee then if other accepted upward adjustment methods were used.[7] *See* Reply Brief to City's Response (filed February 22, 2005). Clearly then, using current rates as the adjusted method does not create a windfall. This Court fully approves of Plaintiffs'

---

officially reported these settlements to the Court in the March 7, 2005 hearing in this case.

[7]Defendant urges this Court to use hourly fees approved in *Walker* as the benchmark for rates in this case. *Walker v. United States Dept. of Housing and Urban Development*, 99 F.3d 761, 770 (5th Cir. 1996). This position wholly lacks reason. That opinion is nearly a decade old and regards compensation for work from 1992 and 1993. *Id*. Beyond not sufficing as a 2005 current rate, such rates pre-date even the filing of this case let alone the years the work for which Plaintiffs seek compensation was performed. This Court accepts Plaintiffs' proposed current rates as reasonable.

chosen enhancement method.

### 4. Paralegal Fees

The City argues that work done by Ms. Rhodes, a paralegal for the Plaintiff, should not be compensable on the grounds that (i) the work was not traditional legal work and (ii) her time records lack the detail necessary to grant compensation. Fees for paralegal time are recoverable if such is the customary practice in the relevant legal market. *Walker*, 99 F.3d at 773 (citing *Missouri*, 491 U.S. at 288). It is uncontested and this Court recognizes that it is the custom in Dallas to bill for paralegal time.

Ms. Rhodes' time, largely devoted to the collection, selection, and analysis of the data used in the database is far beyond mere clerical work–it is traditional legal work. As for the level of detail in Ms. Rhodes' time sheets, the descriptions are short but thorough. Activity descriptions on the time sheets, for example, include: "Reading & analyzing URSB Procedures Manual," "Reviewing 1976 'Impact of Code Enf in Dallas,'" "Selecting data for DB input," "Reviewing city's 'final' spreadsheet to identify files we don't have." The listings are detailed not only in activity description but also with regards to amount of time spent on each activity. The level of detail exceeds that necessary. Compare with *Walker,* 99 F.3d at 773 (rejecting listings lumped together such as "library research," "analyzing documents," "reading background documents," "phone interviews," with no further explanation, for lack of detail). In comparison to the rejected listings in *Walker*, the present time entries are more detailed in substance and with regards to the actual time being billed. This Court is of the opinion that all of Ms. Rhodes' time sought is compensable and may be awarded in attorneys' fees.

## **CONCLUSION**

This Court finds the amount sought by Plaintiffs, a prevailing party, in it Motion for Attorneys' Fees to be reasonable and compensable. Accordingly, this Court hereby **GRANTS** Plaintiffs' Motion for Attorneys' Fees for the full amount sought–$615,038 in attorneys' fees and $8,659 in litigation expenses

**IT SO ORDERED.**
**SIGNED: April 25. 2005**

*[signature: Jerry Buchmeyer]*

**JUDGE JERRY BUCHMEYER**
**SENIOR U.S. DISTRICT COURT JUDGE**
**NORTHERN DISTRICT OF TEXAS**